ANTUAN VALENTINO LITTLE,

      Plaintiff,

      v.                        Case No. 26-cv-0792-bhl

AGENT AMANDA MCCONICO et al.,

      Defendants.

## DECISION AND ORDER

Plaintiff Antuan Valentino Little, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). The Prison Litigation Reform Act (PLRA) applies to this case because Little was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). When determining whether a prisoner has acquired three "strikes" under §1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Notably, in his request to proceed *in forma pauperis*, Little lists only three cases in the section requiring him to detail his litigation history. But Court records show that Little has *seven* closed cases and has accumulated at least three strikes: (1) *Little v. Moon*, Case No. 18-cv-0130-pp (E.D. Wis.), dismissed on July 25, 2018 for failure to state a claim; (2) *Little v. Moon*, Case No. 18-2813 (7th Cir.) dismissal affirmed and strike assessed on May 2, 2019; and (3) *Little v. Keller*, Case No. 21-cv-1212-scd (E.D. Wis.), dismissed on January 7, 2022 for failure to state a claim.

Because Little has filed at least three lawsuits that were dismissed for failure to state a claim, the Court must deny his request to proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. "The 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (*quoting Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

The complaint alleges that Little's probation was improperly revoked and that he is being prevented from obtaining information about his criminal conviction. These allegations do not give rise to a reasonable inference that Little is in imminent danger of serious physical injury. Accordingly, because Little has struck out, the Court will deny his request to proceed *in forma pauperis*. If Little wants to proceed with this case, he must first pay the $405 filing fee. If he is unable to prepay the full filing fee by the deadline below, the Court will dismiss this case without prejudice and, pursuant to 28 U.S.C. §1915(b)(1), will require Little to pay the $350 statutory filing fee over time in the manner set forth in the statute.

**IT IS THEREFORE ORDERED** that Little's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Little wants to proceed with this case, he must make arrangements to pay the $405 filing fee by **May 27, 2026**. If the Court receives the filing fee by the deadline, the Court will screen the complaint as required by 28 U.S.C. §1915A. If the Court does not receive the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Milwaukee, Wisconsin this 8th day of May, 2026.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

2